No. 23-1083

---

## UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———————————

SGCI HOLDINGS III LLC, TEGNA INC.,
AND CMG MEDIA CORPORATION, APPELLANTS

*v.*

FEDERAL COMMUNICATIONS COMMISSION, APPELLEE,

and

COMMON CAUSE, *et al.*, INTERVENORS FOR APPELLEE.

———————————

On Appeal of an Order of the
Federal Communications Commission

———————————

### STATUTORY ADDENDUM

———————————

Kevin F. King
Jennifer A. Johnson
Jocelyn G. Jezierny
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, N.W.
Washington, D.C.  20001
(202) 662-6000

*Counsel for Appellant*
*TEGNA Inc.*

Miguel A. Estrada
    *Counsel of Record*
Jonathan C. Bond
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 955-8500
mestrada@gibsondunn.com

*Counsel for Appellant*
*SGCI Holdings III LLC*

*[Additional Counsel Listed On Inside Cover]*

David E. Mills
Michael D. Basile
Henry H. Wendel
COOLEY LLP
1299 Pennsylvania Avenue, N.W.
Suite 700
Washington, D.C.  20004
(202) 842-7800

*Counsel for Appellant*
*CMG Media Corporation*

Stephen J. Hammer
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX  75201
(214) 698-3100

Scott R. Flick
Jessica T. Nyman
PILLSBURY WINTHROP
  SHAW PITTMAN LLP
1200 Seventeenth Street, N.W.
Washington, D.C.  20036
(202) 663-8000

*Counsel for Appellant*
*SGCI Holdings III LLC*

# TABLE OF CONTENTS

This addendum includes the following pertinent statutes and regulatory provisions, reproduced verbatim:

**STATUTES**

5 U.S.C. § 556.................................................................................1a

5 U.S.C. § 557.................................................................................2a

5 U.S.C. § 706.................................................................................5a

5 U.S.C. § 1202...............................................................................6a

5 U.S.C. § 3105...............................................................................6a

5 U.S.C. § 7521...............................................................................7a

15 U.S.C. § 18a...............................................................................7a

28 U.S.C. § 1291...........................................................................10a

47 U.S.C. § 154.............................................................................10a

47 U.S.C. § 155.............................................................................11a

47 U.S.C. § 309.............................................................................14a

47 U.S.C. § 310.............................................................................17a

47 U.S.C. § 325.............................................................................18a

47 U.S.C. § 402.............................................................................20a

47 U.S.C. § 534.............................................................................21a

**REGULATIONS**

5 C.F.R. § 1201.137......................................................................24a

47 C.F.R. § 0.61............................................................................25a

47 C.F.R. § 0.283 .................................................................... 26a

47 C.F.R. § 0.341 .................................................................... 26a

47 C.F.R. § 1.4 ........................................................................ 28a

47 C.F.R. § 1.115 .................................................................... 30a

47 C.F.R. § 1.117 .................................................................... 34a

CERTIFICATE OF SERVICE

## 5 U.S.C. § 556 HEARINGS; PRESIDING EMPLOYEES; POWERS AND DUTIES; BURDEN OF PROOF; EVIDENCE; RECORD AS BASIS OF DECISION

(a) This section applies, according to the provisions thereof, to hearings required by section 553 or 554 of this title to be conducted in accordance with this section.

(b) There shall preside at the taking of evidence—

> (1) the agency;

> (2) one or more members of the body which comprises the agency; or

> (3) one or more administrative law judges appointed under section 3105 of this title.

\*\*\*

(c) Subject to published rules of the agency and within its powers, employees presiding at hearings may—

> (1) administer oaths and affirmations;

> (2) issue subpenas authorized by law;

> (3) rule on offers of proof and receive relevant evidence;

> (4) take depositions or have depositions taken when the ends of justice would be served;

> (5) regulate the course of the hearing;

> (6) hold conferences for the settlement or simplification of the issues by consent of the parties or by the use of alternative means of dispute resolution as provided in subchapter IV of this chapter;

(7) inform the parties as to the availability of one or more alternative means of dispute resolution, and encourage use of such methods;

(8) require the attendance at any conference held pursuant to paragraph (6) of at least one representative of each party who has authority to negotiate concerning resolution of issues in controversy;

(9) dispose of procedural requests or similar matters;

(10) make or recommend decisions in accordance with section 557 of this title; and

(11) take other action authorized by agency rule consistent with this subchapter.

\*\*\*

## 5 U.S.C. §557. INITIAL DECISIONS; CONCLUSIVENESS; REVIEW BY AGENCY; SUBMISSIONS BY PARTIES; CONTENTS OF DECISIONS; RECORD

(a) This section applies, according to the provisions thereof, when a hearing is required to be conducted in accordance with section 556 of this title.

(b) When the agency did not preside at the reception of the evidence, the presiding employee or, in cases not subject to section 554(d) of this title, an employee qualified to preside at hearings pursuant to section 556 of this title, shall initially decide the case unless the agency requires, either in specific cases or by general rule, the entire record to be certified to it for decision. When the presiding employee makes an initial decision, that decision then becomes the decision of the agency without further proceedings unless there is an appeal to, or review on motion of, the agency within time provided by rule. On appeal from or review of the initial decision, the agency has all the powers which it would have in making the initial decision except as it may limit the issues on notice or by rule. When the agency makes the decision without having presided at the reception

of the evidence, the presiding employee or an employee qualified to preside at hearings pursuant to section 556 of this title shall first recommend a decision, except that in rule making or determining applications for initial licenses—

(1) instead thereof the agency may issue a tentative decision or one of its responsible employees may recommend a decision; or

(2) this procedure may be omitted in a case in which the agency finds on the record that due and timely execution of its functions imperatively and unavoidably so requires.

(c) Before a recommended, initial, or tentative decision, or a decision on agency review of the decision of subordinate employees, the parties are entitled to a reasonable opportunity to submit for the consideration of the employees participating in the decisions—

(1) proposed findings and conclusions; or

(2) exceptions to the decisions or recommended decisions of subordinate employees or to tentative agency decisions; and

(3) supporting reasons for the exceptions or proposed findings or conclusions.

The record shall show the ruling on each finding, conclusion, or exception presented. All decisions, including initial, recommended, and tentative decisions, are a part of the record and shall include a statement of—

(A) findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record; and

(B) the appropriate rule, order, sanction, relief, or denial thereof.

(d)(1) In any agency proceeding which is subject to subsection (a) of this section, except to the extent required for the disposition of ex parte matters as authorized by law—

(A) no interested person outside the agency shall make or knowingly cause to be made to any member of the body comprising the agency, administrative law judge, or other employee who is or may reasonably be expected to be involved in the decisional process of the proceeding, an ex parte communication relevant to the merits of the proceeding;

(B) no member of the body comprising the agency, administrative law judge, or other employee who is or may reasonably be expected to be involved in the decisional process of the proceeding, shall make or knowingly cause to be made to any interested person outside the agency an ex parte communication relevant to the merits of the proceeding;

(C) a member of the body comprising the agency, administrative law judge, or other employee who is or may reasonably be expected to be involved in the decisional process of such proceeding who receives, or who makes or knowingly causes to be made, a communication prohibited by this subsection shall place on the public record of the proceeding:

(i) all such written communications;

(ii) memoranda stating the substance of all such oral communications; and

(iii) all written responses, and memoranda stating the substance of all oral responses, to the materials described in clauses (i) and (ii) of this subparagraph;

(D) upon receipt of a communication knowingly made or knowingly caused to be made by a party in violation of this subsection, the agency, administrative law judge, or other employee presiding at the hearing may, to the extent consistent with the interests of justice and the policy of the underlying statutes, require the party to show cause why his claim or interest in the proceeding should not be dismissed, denied,

disregarded, or otherwise adversely affected on account of such violation; and

(E) the prohibitions of this subsection shall apply beginning at such time as the agency may designate, but in no case shall they begin to apply later than the time at which a proceeding is noticed for hearing unless the person responsible for the communication has knowledge that it will be noticed, in which case the prohibitions shall apply beginning at the time of his acquisition of such knowledge.

(2) This subsection does not constitute authority to withhold information from Congress.

## 5 U.S.C. § 706 SCOPE OF REVIEW

To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—

(1) compel agency action unlawfully withheld or unreasonably delayed; and

(2) hold unlawful and set aside agency action, findings, and conclusions found to be—

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(B) contrary to constitutional right, power, privilege, or immunity;

(C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

(D) without observance of procedure required by law;

(E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or

(F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

## 5 U.S.C. § 1201 APPOINTMENT OF MEMBERS OF THE MERIT SYSTEMS PROTECTION BOARD

The Merit Systems Protection Board is composed of 3 members appointed by the President, by and with the advice and consent of the Senate, not more than 2 of whom may be adherents of the same political party. The members of the Board shall be individuals who, by demonstrated ability, background, training, or experience are especially qualified to carry out the functions of the Board. No member of the Board may hold another office or position in the Government of the United States, except as otherwise provided by law or at the direction of the President. The Board shall have an official seal which shall be judicially noticed. The Board shall have its principal office in the District of Columbia and may have field offices in other appropriate locations.

## 5 U.S.C. § 3105 APPOINTMENT OF ADMINISTRATIVE LAW JUDGES

Each agency shall appoint as many administrative law judges as are necessary for proceedings required to be conducted in accordance with sections 556 and 557 of this title. Administrative law judges shall be assigned to cases in rotation so far as practicable, and may not perform duties inconsistent with their duties and responsibilities as administrative law judges.

6a

## 5 U.S.C. § 7521 ACTIONS AGAINST ADMINISTRATIVE LAW JUDGES

(a) An action may be taken against an administrative law judge appointed under section 3105 of this title by the agency in which the administrative law judge is employed only for good cause established and determined by the Merit Systems Protection Board on the record after opportunity for hearing before the Board.

(b) The actions covered by this section are—

    (1) a removal;

    (2) a suspension;

    (3) a reduction in grade;

    (4) a reduction in pay; and

    (5) a furlough of 30 days or less;

but do not include—

    (A) a suspension or removal under section 7532 of this title;

    (B) a reduction-in-force action under section 3502 of this title; or

    (C) any action initiated under section 1215 of this title.

## 15 U.S.C. § 18A PREMERGER NOTIFICATION AND WAITING PERIOD

### (a) Filing

Except as exempted pursuant to subsection (c), no person shall acquire, directly or indirectly, any voting securities or assets of any other person, unless both persons (or in the case of a tender offer, the acquiring person)

file notification pursuant to rules under subsection (d)(1) and the waiting period described in subsection (b)(1) has expired, if—

(1) the acquiring person, or the person whose voting securities or assets are being acquired, is engaged in commerce or in any activity affecting commerce; and

(2) as a result of such acquisition, the acquiring person would hold an aggregate total amount of the voting securities and assets of the acquired person—

(A) in excess of $200,000,000 (as adjusted and published for each fiscal year beginning after September 30, 2004, in the same manner as provided in section 19(a)(5) of this title to reflect the percentage change in the gross national product for such fiscal year compared to the gross national product for the year ending September 30, 2003); or

(B)(i) in excess of $50,000,000 (as so adjusted and published) but not in excess of $200,000,000 (as so adjusted and published); and

(ii)(I) any voting securities or assets of a person engaged in manufacturing which has annual net sales or total assets of $10,000,000 (as so adjusted and published) or more are being acquired by any person which has total assets or annual net sales of $100,000,000 (as so adjusted and published) or more;

(II) any voting securities or assets of a person not engaged in manufacturing which has total assets of $10,000,000 (as so adjusted and published) or more are being acquired by any person which has total assets or annual net sales of $100,000,000 (as so adjusted and published) or more; or

(III) any voting securities or assets of a person with annual net sales or total assets of $100,000,000 (as so adjusted and published) or more are being acquired by any person with

total assets or annual net sales of $10,000,000 (as so adjusted and published) or more.

In the case of a tender offer, the person whose voting securities are sought to be acquired by a person required to file notification under this subsection shall file notification pursuant to rules under subsection (d).

**(b) Waiting period; publication; voting securities**

(1) The waiting period required under subsection (a) shall—

(A) begin on the date of the receipt by the Federal Trade Commission and the Assistant Attorney General in charge of the Antitrust Division of the Department of Justice (hereinafter referred to in this section as the "Assistant Attorney General") of—

(i) the completed notification required under subsection (a), or

(ii) if such notification is not completed, the notification to the extent completed and a statement of the reasons for such noncompliance, from both persons, or, in the case of a tender offer, the acquiring person; and

(B) end on the thirtieth day after the date of such receipt (or in the case of a cash tender offer, the fifteenth day), or on such later date as may be set under subsection (e)(2) or (g)(2).

(2) The Federal Trade Commission and the Assistant Attorney General may, in individual cases, terminate the waiting period specified in paragraph (1) and allow any person to proceed with any acquisition subject to this section, and promptly shall cause to be published in the Federal Register a notice that neither intends to take any action within such period with respect to such acquisition.

(3) As used in this section—

9a

(A) The term "voting securities" means any securities which at present or upon conversion entitle the owner or holder thereof to vote for the election of directors of the issuer or, with respect to unincorporated issuers, persons exercising similar functions.

(B) The amount or percentage of voting securities or assets of a person which are acquired or held by another person shall be determined by aggregating the amount or percentage of such voting securities or assets held or acquired by such other person and each affiliate thereof.

\*\*\*

## 28 U.S.C. § 1291 FINAL DECISIONS OF DISTRICT COURTS

The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court. The jurisdiction of the United States Court of Appeals for the Federal Circuit shall be limited to the jurisdiction described in sections 1292(c) and (d) and 1295 of this title.

## 47 U.S.C. § 154 FEDERAL COMMUNICATIONS COMMISSION

\*\*\*

## (c) Terms of office; vacancies

(1) A commissioner—

(A) shall be appointed for a term of 5 years;

(B) except as provided in subparagraph (C), may continue to serve after the expiration of the fixed term of office of the

10a

commissioner until a successor is appointed and has been confirmed and taken the oath of office; and

(C) may not continue to serve after the expiration of the session of Congress that begins after the expiration of the fixed term of office of the commissioner.

(2) Any person chosen to fill a vacancy in the Commission—

(A) shall be appointed for the unexpired term of the commissioner that the person succeeds; (B) except as provided in subparagraph (C), may continue to serve after the expiration of the fixed term of office of the commissioner that the person succeeds until a successor is appointed and has been confirmed and taken the oath of office; and

(C) may not continue to serve after the expiration of the session of Congress that begins after the expiration of the fixed term of office of the commissioner that the person succeeds.

(3) No vacancy in the Commission shall impair the right of the remaining commissioners to exercise all the powers of the Commission.

\*\*\*

## 47 U.S.C. § 155 COMMISSION

\*\*\*

## (b) Organization of staff

From time to time as the Commission may find necessary, the Commission shall organize its staff into (1) integrated bureaus, to function on the basis of the Commission's principal workload operations, and (2) such other divisional organizations as the Commission may deem necessary. Each such integrated bureau shall include such legal, engineering,

11a

accounting, administrative, clerical, and other personnel as the Commission may determine to be necessary to perform its functions.

**(c) Delegation of functions; exceptions to initial orders; force, effect and enforcement of orders; administrative and judicial review; qualifications and compensation of delegates; assignment of cases; separation of review and investigative or prosecuting functions; secretary; seal**

(1) When necessary to the proper functioning of the Commission and the prompt and orderly conduct of its business, the Commission may, by published rule or by order, delegate any of its functions (except functions granted to the Commission by this paragraph and by paragraphs (4), (5), and (6) of this subsection and except any action referred to in sections 204(a)(2), 208(b), and 405(b) of this title) to a panel of commissioners, an individual commissioner, an employee board, or an individual employee, including functions with respect to hearing, determining, ordering, certifying, reporting, or otherwise acting as to any work, business, or matter; except that in delegating review functions to employees in cases of adjudication (as defined in section 551 of title 5), the delegation in any such case may be made only to an employee board consisting of two or more employees referred to in paragraph (8) of this subsection. Any such rule or order may be adopted, amended, or rescinded only by a vote of a majority of the members of the Commission then holding office. Except for cases involving the authorization of service in the instructional television fixed service, or as otherwise provided in this chapter, nothing in this paragraph shall authorize the Commission to provide for the conduct, by any person or persons other than persons referred to in paragraph (2) or (3) of section 556(b) of title 5, of any hearing to which such section applies.

(2) As used in this subsection the term "order, decision, report, or action" does not include an initial, tentative, or recommended decision to which exceptions may be filed as provided in section 409(b) of this title.

(3) Any order, decision, report, or action made or taken pursuant to any such delegation, unless reviewed as provided in paragraph (4) of this subsection, shall have the same force and effect, and shall be made, evidenced, and enforced in the same manner, as orders, decisions, reports, or other actions of the Commission.

(4) Any person aggrieved by any such order, decision, report or action may file an application for review by the Commission within such time and in such manner as the Commission shall prescribe, and every such application shall be passed upon by the Commission. The Commission, on its own initiative, may review in whole or in part, at such time and in such manner as it shall determine, any order, decision, report, or action made or taken pursuant to any delegation under paragraph (1) of this subsection.

(5) In passing upon applications for review, the Commission may grant, in whole or in part, or deny such applications without specifying any reasons therefor. No such application for review shall rely on questions of fact or law upon which the panel of commissioners, individual commissioner, employee board, or individual employee has been afforded no opportunity to pass.

(6) If the Commission grants the application for review, it may affirm, modify, or set aside the order, decision, report, or action, or it may order a rehearing upon such order, decision, report, or action in accordance with section 405 of this title.

(7) The filing of an application for review under this subsection shall be a condition precedent to judicial review of any order, decision, report, or action made or taken pursuant to a delegation under paragraph (1) of this subsection. The time within which a petition for review must be filed in a proceeding to which section 402(a) of this title applies, or within which an appeal must be taken under section 402(b) of this title, shall be computed from the date upon which public notice is given of orders disposing of all applications for review filed in any case.

(8) The employees to whom the Commission may delegate review functions in any case of adjudication (as defined in section 551 of title 5) shall be qualified, by reason of their training, experience, and competence, to perform such review functions, and shall perform no duties inconsistent with such review functions. Such employees shall be in a grade classification or salary level commensurate with their important duties, and in no event less than the grade classification or salary level of the employee or employees whose actions are to be reviewed. In the performance of such review functions such employees shall be assigned to cases in rotation so far as practicable and shall not be responsible to or subject to the supervision or direction of any officer, employee, or agent engaged in the performance of investigative or prosecuting functions for any agency.

\*\*\*

## 47 U.S.C. § 309 APPLICATION FOR LICENSE

### (a) Considerations in granting application

Subject to the provisions of this section, the Commission shall determine, in the case of each application filed with it to which section 308 of this title applies, whether the public interest, convenience, and necessity will be served by the granting of such application, and, if the Commission, upon examination of such application and upon consideration of such other matters as the Commission may officially notice, shall find that public interest, convenience, and necessity would be served by the granting thereof, it shall grant such application.

### (b) Time of granting application

Except as provided in subsection (c) of this section, no such application—

(1) for an instrument of authorization in the case of a station in the broadcasting or common carrier services, or

(2) for an instrument of authorization in the case of a station in any of the following categories:

> (A) industrial radio positioning stations for which frequencies are assigned on an exclusive basis,
>
> (B) aeronautical en route stations,
>
> (C) aeronautical advisory stations,
>
> (D) airdrome control stations,
>
> (E) aeronautical fixed stations, and
>
> (F) such other stations or classes of stations, not in the broadcasting or common carrier services, as the Commission shall by rule prescribe,

shall be granted by the Commission earlier than thirty days following issuance of public notice by the Commission of the acceptance for filing of such application or of any substantial amendment thereof.

\*\*\*

## (d) Petition to deny application; time; contents; reply; findings

(1) Any party in interest may file with the Commission a petition to deny any application (whether as originally filed or as amended) to which subsection (b) of this section applies at any time prior to the day of Commission grant thereof without hearing or the day of formal designation thereof for hearing; except that with respect to any classification of applications, the Commission from time to time by rule may specify a shorter period (no less than thirty days following the issuance of public notice by the Commission of the acceptance for filing of such application or of any substantial amendment thereof), which shorter period shall be reasonably related to the time when the applications would normally be reached for processing. The petitioner shall serve a copy of such petition on the

applicant. The petition shall contain specific allegations of fact sufficient to show that the petitioner is a party in interest and that a grant of the application would be prima facie inconsistent with subsection (a) (or subsection (k) in the case of renewal of any broadcast station license). Such allegations of fact shall, except for those of which official notice may be taken, be supported by affidavit of a person or persons with personal knowledge thereof. The applicant shall be given the opportunity to file a reply in which allegations of fact or denials thereof shall similarly be supported by affidavit.

(2) If the Commission finds on the basis of the application, the pleadings filed, or other matters which it may officially notice that there are no substantial and material questions of fact and that a grant of the application would be consistent with subsection (a) (or subsection (k) in the case of renewal of any broadcast station license), it shall make the grant, deny the petition, and issue a concise statement of the reasons for denying the petition, which statement shall dispose of all substantial issues raised by the petition. If a substantial and material question of fact is presented or if the Commission for any reason is unable to find that grant of the application would be consistent with subsection (a) (or subsection (k) in the case of renewal of any broadcast station license), it shall proceed as provided in subsection (e).

**(e) Hearings; intervention; evidence; burden of proof**

If, in the case of any application to which subsection (a) of this section applies, a substantial and material question of fact is presented or the Commission for any reason is unable to make the finding specified in such subsection, it shall formally designate the application for hearing on the ground or reasons then obtaining and shall forthwith notify the applicant and all other known parties in interest of such action and the grounds and reasons therefor, specifying with particularity the matters and things in issue but not including issues or requirements phrased generally. When the Commission has so designated an application for hearing the parties in interest, if any, who are not notified by the Commission of such action may acquire the status of a party to the proceeding thereon

16a

by filing a petition for intervention showing the basis for their interest not more than thirty days after publication of the hearing issues or any substantial amendment thereto in the Federal Register. Any hearing subsequently held upon such application shall be a full hearing in which the applicant and all other parties in interest shall be permitted to participate. The burden of proceeding with the introduction of evidence and the burden of proof shall be upon the applicant, except that with respect to any issue presented by a petition to deny or a petition to enlarge the issues, such burdens shall be as determined by the Commission.

\*\*\*

## 47 U.S.C. § 310 LICENSE OWNERSHIP RESTRICTIONS

\*\*\*

## (d) Assignment and transfer of construction permit or station license

No construction permit or station license, or any rights thereunder, shall be transferred, assigned, or disposed of in any manner, voluntarily or involuntarily, directly or indirectly, or by transfer of control of any corporation holding such permit or license, to any person except upon application to the Commission and upon finding by the Commission that the public interest, convenience, and necessity will be served thereby. Any such application shall be disposed of as if the proposed transferee or assignee were making application under section 308 of this title for the permit or license in question; but in acting thereon the Commission may not consider whether the public interest, convenience, and necessity might be served by the transfer, assignment, or disposal of the permit or license to a person other than the proposed transferee or assignee.

\*\*\*

17a

# 47 U.S.C. § 325 FALSE, FRAUDULENT, OR UNAUTHORIZED TRANSMISSIONS

\*\*\*

## (b) Consent to retransmission of broadcasting station signals

(1) No cable system or other multichannel video programming distributor shall retransmit the signal of a broadcasting station, or any part thereof, except—

(A) with the express authority of the originating station;

(B) under section 534 of this title, in the case of a station electing, in accordance with this subsection, to assert the right to carriage under such section; or

(C) under section 338 of this title, in the case of a station electing, in accordance with this subsection, to assert the right to carriage under such section.

\*\*\*

(3)(C) The Commission shall commence a rulemaking proceeding to revise the regulations governing the exercise by television broadcast stations of the right to grant retransmission consent under this subsection, and such other regulations as are necessary to administer the limitations contained in paragraph (2). Such regulations shall—

(i) establish election time periods that correspond with those regulations adopted under subparagraph (B) of this paragraph;

(ii) until January 1, 2020, prohibit a television broadcast station that provides retransmission consent from engaging in exclusive contracts for carriage or failing to negotiate in good faith, and it shall not be a failure to

negotiate in good faith if the television broadcast station enters into retransmission consent agreements containing different terms and conditions, including price terms, with different multichannel video programming distributors if such different terms and conditions are based on competitive marketplace considerations;

(iii) until January 1, 2020, prohibit a multichannel video programming distributor from failing to negotiate in good faith for retransmission consent under this section, and it shall not be a failure to negotiate in good faith if the distributor enters into retransmission consent agreements containing different terms and conditions, including price terms, with different broadcast stations if such different terms and conditions are based on competitive marketplace considerations;

(iv) prohibit a television broadcast station from coordinating negotiations or negotiating on a joint basis with another television broadcast station in the same local market (as defined in section 122(j) of title 17) to grant retransmission consent under this section to a multichannel video programming distributor, unless such stations are directly or indirectly under common de jure control permitted under the regulations of the Commission; and

(v) prohibit a television broadcast station from limiting the ability of a multichannel video programming distributor to carry into the local market (as defined in section 122(j) of title 17) of such station a television signal that has been deemed significantly viewed, within the meaning of section 76.54 of title 47, Code of Federal Regulations, or any successor regulation, or any other television broadcast signal such distributor is authorized to carry under section 338, 339, 340, or 534 of this title,

unless such stations are directly or indirectly under common de jure control permitted by the Commission.

## 47 U.S.C. § 402 JUDICIAL REVIEW OF THE COMMISSION'S ORDERS AND DECISIONS

\*\*\*

### (b) Right to appeal

Appeals may be taken from decisions and orders of the Commission to the United States Court of Appeals for the District of Columbia in any of the following cases:

\*\*\*

(3) By any party to an application for authority to transfer, assign, or dispose of any such instrument of authorization, or any rights thereunder, whose application is denied by the Commission.

\*\*\*

(6) By any other person who is aggrieved or whose interests are adversely affected by any order of the Commission granting or denying any application described in paragraphs (1), (2), (3), (4), and (9) of this subsection.

\*\*\*

### (c) Filing notice of appeal; contents; jurisdiction; temporary orders

Such appeal shall be taken by filing a notice of appeal with the court within thirty days from the date upon which public notice is given of the decision or order complained of. Such notice of appeal shall contain a concise statement of the nature of the proceedings as to which the appeal is

taken; a concise statement of the reasons on which the appellant intends to rely, separately stated and numbered; and proof of service of a true copy of said notice and statement upon the Commission. Upon filing of such notice, the court shall have jurisdiction of the proceedings and of the questions determined therein and shall have power, by order, directed to the Commission or any other party to the appeal, to grant such temporary relief as it may deem just and proper. Orders granting temporary relief may be either affirmative or negative in their scope and application so as to permit either the maintenance of the status quo in the matter in which the appeal is taken or the restoration of a position or status terminated or adversely affected by the order appealed from and shall, unless otherwise ordered by the court, be effective pending hearing and determination of said appeal and compliance by the Commission with the final judgment of the court rendered in said appeal.

## 47 U.S.C. § 534 CARRIAGE OF LOCAL COMMERCIAL TELEVISION SIGNALS

### (a) Carriage obligations

Each cable operator shall carry, on the cable system of that operator, the signals of local commercial television stations and qualified low power stations as provided by this section. Carriage of additional broadcast television signals on such system shall be at the discretion of such operator, subject to section 325(b) of this title.

### (b) Signals required

#### (1) In general

(A) A cable operator of a cable system with 12 or fewer usable activated channels shall carry the signals of at least three local commercial television stations, except that if such a system has 300 or fewer subscribers, it shall not be subject to any requirements under this section so long as such system does not delete from carriage by that system any signal of a broadcast television station.

21a

(B) A cable operator of a cable system with more than 12 usable activated channels shall carry the signals of local commercial television stations, up to one-third of the aggregate number of usable activated channels of such system.

## (2) Selection of signals

Whenever the number of local commercial television stations exceeds the maximum number of signals a cable system is required to carry under paragraph (1), the cable operator shall have discretion in selecting which such stations shall be carried on its cable system, except that—

(A) under no circumstances shall a cable operator carry a qualified low power station in lieu of a local commercial television station; and

(B) if the cable operator elects to carry an affiliate of a broadcast network (as such term is defined by the Commission by regulation), such cable operator shall carry the affiliate of such broadcast network whose city of license reference point, as defined in section 76.53 of title 47, Code of Federal Regulations (in effect on January 1, 1991), or any successor regulation thereto, is closest to the principal headend of the cable system.

## (3) Content to be carried

(A) A cable operator shall carry in its entirety, on the cable system of that operator, the primary video, accompanying audio, and line 21 closed caption transmission of each of the local commercial television stations carried on the cable system and, to the extent technically feasible, program-related material carried in the vertical blanking interval or on subcarriers. Retransmission of other material in the vertical blanking internal or other nonprogram-related material (including teletext and other subscription and advertiser-supported

information services) shall be at the discretion of the cable operator. Where appropriate and feasible, operators may delete signal enhancements, such as ghost-canceling, from the broadcast signal and employ such enhancements at the system headend or headends.

(B) The cable operator shall carry the entirety of the program schedule of any television station carried on the cable system unless carriage of specific programming is prohibited, and other programming authorized to be substituted, under section 76.67 or subpart F of part 76 of title 47, Code of Federal Regulations (as in effect on January 1, 1991), or any successor regulations thereto.

\*\*\*

### (10) Compensation for carriage

A cable operator shall not accept or request monetary payment or other valuable consideration in exchange either for carriage of local commercial television stations in fulfillment of the requirements of this section or for the channel positioning rights provided to such stations under this section, except that—

(A) any such station may be required to bear the costs associated with delivering a good quality signal or a baseband video signal to the principal headend of the cable system;

(B) a cable operator may accept payments from stations which would be considered distant signals under section 111 of title 17 as indemnification for any increased copyright liability resulting from carriage of such signal; and

(C) a cable operator may continue to accept monetary payment or other valuable consideration in exchange for carriage or channel positioning of the signal of any local commercial television station carried in fulfillment of the requirements of

this section, through, but not beyond, the date of expiration of an agreement thereon between a cable operator and a local commercial television station entered into prior to June 26, 1990.

\*\*\*

## 5 C.F.R. § 1201.137 COVERED ACTIONS; FILING COMPLAINT; SERVING DOCUMENTS ON PARTIES

**(a) Covered actions.**

The jurisdiction of the Board under 5 U.S.C. 7521 and this subpart with respect to actions against administrative law judges is limited to proposals by an agency to take any of the following actions against an administrative law judge:

> (1) Removal;

> (2) Suspension;

> (3) Reduction in grade;

> (4) Reduction in pay; and

> (5) Furlough of 30 days or less.

**(b) Place of filing.**

To initiate an action against an administrative law judge under this subpart, an agency must file a complaint with the Clerk of the Board.

**(c) Initial filing and service.**

The agency must file a copy of the complaint, together with numbered and tabbed exhibits or attachments, if any, and a certificate of service listing each party or the party's representative. The certificate of service must show the last known address, telephone number, and facsimile

24a

number of each party or representative. The agency must serve a copy of the complaint on each party and the party's representative, as shown on the certificate of service.

**(d) Subsequent filings and service.**

Each party must serve on every other party or the party's representative one copy of each of its pleadings, as defined by § 1201.4(b). A certificate of service describing how and when service was made must accompany each pleading. Each party is responsible for notifying the Board and the other parties in writing of any change in name, address, telephone number, or facsimile number of the party or the party's representative.

**47 C.F.R. § 0.61 FUNCTIONS OF THE BUREAU**

The Media Bureau develops, recommends and administers the policy and licensing programs for the regulation of media, including cable television, broadcast television and radio, and satellite services in the United States and its territories. The Bureau advises and recommends to the Commission, or acts for the Commission under delegated authority, in matters pertaining to multichannel video programming distribution, broadcast radio and television, direct broadcast satellite service policy, and associated matters. The Bureau will, among other things:

(a) Process applications for authorization, assignment, transfer and renewal of media services, including AM, FM, TV, the cable TV relay service, and related services.

\*\*\*

(h) Process and act on all applications for authorization, petitions for special relief, petitions to deny, waiver requests, requests for certification, objections, complaints, and requests for declaratory rulings and stays regarding the areas listed.

\*\*\*

25a

(k) Carry out the functions of the Commission under the Communications Act of 1934, as amended, except as reserved to the Commission under § 0.283.

\*\*\*

**47 C.F.R. § 0.283 AUTHORITY DELEGATED**

The Chief, Media Bureau, is delegated authority to perform all functions of the Bureau, described in § 0.61, provided that the following matters shall be referred to the Commission en banc for disposition:

\*\*\*

(c) Matters that present novel questions of law, fact or policy that cannot be resolved under existing precedents and guidelines.

\*\*\*

**47 C.F.R. § 0.341 AUTHORITY OF ADMINISTRATIVE LAW JUDGES AND OTHER PRESIDING OFFICERS**

(a) After a presiding officer (other than the Commission) has been designated to conduct a hearing proceeding, and until he or she has issued an initial decision or certified the record to the Commission for decision, or the proceeding has been transferred to another presiding officer, all motions, petitions and other matters that may arise during the proceeding shall be acted upon by such presiding officer, except those which are to be acted upon by the Commission. See § 1.291(a)(1) of this chapter.

(b) Any question which would be acted upon by the presiding officer if it were raised by the parties to the proceeding may be raised and acted upon by the presiding officer on his or her own motion.

(c) Any question which would be acted upon by the presiding officer (other than the Commission) may be certified to the Commission on the presiding officer's own motion.

(d) Except for actions taken during the course of a hearing and upon the record thereof, actions taken by a presiding officer pursuant to the provisions of this section shall be recorded in writing and filed in the official record of the proceeding.

(e) The presiding officer may waive any rule governing the conduct of Commission hearings upon motion or upon the presiding officer's own motion for good cause, subject to the provisions of the Administrative Procedure Act and the Communications Act of 1934, as amended.

(f) The presiding officer may issue such orders and conduct such proceedings as will best conduce to the proper dispatch of business and the ends of justice.

(g)(1) For program carriage complaints filed pursuant to § 76.1302 of this chapter that the Chief, Media Bureau refers to a presiding officer for an initial decision, the presiding officer shall release an initial decision in compliance with one of the following deadlines:

> (i) 240 calendar days after a party informs the presiding officer that it elects not to pursue alternative dispute resolution as set forth in § 76.7(g)(2) of this chapter; or

> (ii) If the parties have mutually elected to pursue alternative dispute resolution pursuant to § 76.7(g)(2) of this chapter, within 240 calendar days after the parties inform the presiding officer that they have failed to resolve their dispute through alternative dispute resolution.

(2) The presiding officer may toll these deadlines under the following circumstances:

> (i) If the complainant and defendant jointly request that the presiding officer toll these deadlines in order to pursue settlement discussions or alternative dispute resolution or for any other reason that the complainant and defendant mutually agree justifies tolling; or

27a

(ii) If complying with the deadline would violate the due process rights of a party or would be inconsistent with fundamental fairness; or

(iii) In extraordinary situations, due to a lack of adjudicatory resources available at the time.

## 47 C.F.R. § 1.4 COMPUTATION OF TIME

### (a) Purpose.

The purpose of this rule section is to detail the method for computing the amount of time within which persons or entities must act in response to deadlines established by the Commission. It also applies to computation of time for seeking both reconsideration and judicial review of Commission decisions. In addition, this rule section prescribes the method for computing the amount of time within which the Commission must act in response to deadlines established by statute, a Commission rule, or Commission order.

### (b) General Rule—Computation of Beginning Date When Action is Initiated by Commission or Staff.

Unless otherwise provided, the first day to be counted when a period of time begins with an action taken by the Commission, an Administrative Law Judge or by members of the Commission or its staff pursuant to delegated authority is the day after the day on which public notice of that action is given. *See* § 1.4(b) (1)–(5) of this section. Unless otherwise provided, all Rules measuring time from the date of the issuance of a Commission document entitled "Public Notice" shall be calculated in accordance with this section. *See* § 1.4(b)(4) of this section for a description of the "Public Notice" document. Unless otherwise provided in § 1.4 (g) and (h) of this section, it is immaterial whether the first day is a "holiday." For purposes of this section, the term *public notice* means the date of any of the following events: *See* § 1.4(e)(1) of this section for definition of "holiday."

28a

\*\*\*

    (2) For non-rulemaking documents released by the Commission or staff, including the Commission's section 271 determinations, 47 U.S.C. 271, the release date.

\*\*\*

**(d) General Rule—Computation of Terminal Date.**

Unless otherwise provided, when computing a period of time the last day of such period of time is included in the computation, and any action required must be taken on or before that day.

**(e) Definitions for purposes of this section:**

    (1) The term holiday means Saturday, Sunday, officially recognized Federal legal holidays and any other day on which the Commission's Headquarters are closed and not reopened prior to 5:30 p.m., or on which a Commission office aside from Headquarters is closed (but, in that situation, the holiday will apply only to filings with that particular office). For example, a regularly scheduled Commission business day may become a holiday with respect to the entire Commission if Headquarters is closed prior to 5:30 p.m. due to adverse weather, emergency or other closing. Additionally, a regularly scheduled Commission business day may become a holiday with respect to a particular Commission office aside from Headquarters if that office is closed prior to 5:30 p.m. due to similar circumstances.

    (2) The term *business day* means all days, including days when the Commission opens later than the time specified in Rule § 0.403, which are not "holidays" as defined above.

    (3) The term *filing period* means the number of days allowed or prescribed by statute, rule, order, notice or other Commission action for filing any document with the Commission. It does not include any additional days allowed for filing any document pursuant to

paragraphs (g), (h) and (j) of this section. (4) The term filing date means the date upon which a document must be filed after all computations of time authorized by this section have been made.

***

(g) Unless otherwise provided (e.g., §§ 1.773 and 76.1502(e)(1) of this chapter), if the filing period is less than 7 days, intermediate holidays shall not be counted in determining the filing date.

***

(*l*) When Commission action is required by statute to be taken by a date that falls on a holiday, such action may be taken by the next business day (unless the statute provides otherwise).

## 47 C.F.R. § 1.115 APPLICATION FOR REVIEW OF ACTION TAKEN PURSUANT TO DELEGATED AUTHORITY.

(a) Any person aggrieved by any action taken pursuant to delegated authority may file an application requesting review of that action by the Commission. Any person filing an application for review who has not previously participated in the proceeding shall include with his application a statement describing with particularity the manner in which he is aggrieved by the action taken and showing good reason why it was not possible for him to participate in the earlier stages of the proceeding. Any application for review which fails to make an adequate showing in this respect will be dismissed.

(b)(1) The application for review shall concisely and plainly state the questions presented for review with reference, where appropriate, to the findings of fact or conclusions of law.

   (2) The application for review shall specify with particularity, from among the following, the factor(s) which warrant Commission consideration of the questions presented:

(i) The action taken pursuant to delegated authority is in conflict with statute, regulation, case precedent, or established Commission policy.

(ii) The action involves a question of law or policy which has not previously been resolved by the Commission.

(iii) The action involves application of a precedent or policy which should be overturned or revised.

(iv) An erroneous finding as to an important or material question of fact.

(v) Prejudicial procedural error.

(3) The application for review shall state with particularity the respects in which the action taken by the designated authority should be changed.

(4) The application for review shall state the form of relief sought and, subject to this requirement, may contain alternative requests.

(c) No application for review will be granted if it relies on questions of fact or law upon which the designated authority has been afforded no opportunity to pass.

***

(e)(1) Applications for review of an order designating a matter for hearing that was issued under delegated authority shall be deferred until exceptions to the initial decision in the case are filed, unless the presiding officer certifies such an application for review to the Commission. A matter shall be certified to the Commission if the presiding officer determines that the matter involves a controlling question of law as to which there is substantial ground for difference of opinion and that immediate consideration of the question would materially expedite the ultimate resolution of the litigation. A request to certify a matter to the Commission shall be filed with the presiding officer within 5 days after the

designation order is released. A ruling refusing to certify a matter to the Commission is not appealable. Any application for review authorized by the presiding officer shall be filed within 5 days after the order certifying the matter to the Commission is released or such a ruling is made. Oppositions shall be filed within 5 days after the application for review is filed. Replies to oppositions shall be filed only if they are requested by the Commission. Replies (if allowed) shall be filed within 5 days after they are requested. The Commission may dismiss, without stating reasons, an application for review that has been certified, and direct that the objections to the order designating the matter for hearing be deferred and raised when exceptions in the initial decision in the case are filed.

\*\*\*

(f) Applications for review, oppositions, and replies shall conform to the requirements of §§ 1.49, 1.51, and 1.52, and shall be submitted to the Secretary, Federal Communications Commission, Washington, DC 20554. Except as provided below, applications for review and oppositions thereto shall not exceed 25 double-space typewritten pages. Applications for review of interlocutory actions in hearing proceedings (including designation orders) and oppositions thereto shall not exceed 5 double-spaced typewritten pages. When permitted (see paragraph (e)(1) of this section), reply pleadings shall not exceed 5 double-spaced typewritten pages. The application for review shall be served upon the parties to the proceeding. Oppositions to the application for review shall be served on the person seeking review and on parties to the proceeding. When permitted (see paragraph (e)(1) of this section), replies to the opposition(s) to the application for review shall be served on the person(s) opposing the application for review and on parties to the proceeding.

(g) The Commission may grant the application for review in whole or in part, or it may deny the application with or without specifying reasons therefor. A petition requesting reconsideration of a ruling which denies an application for review will be entertained only if one or more of the following circumstances is present:

(1) The petition relies on facts which related to events which have occurred or circumstances which have changed since the last opportunity to present such matters; or

(2) The petition relies on facts unknown to petitioner until after his last opportunity to present such matters which could not, through the exercise of ordinary diligence, have been learned prior to such opportunity.

(h)(1) If the Commission grants the application for review in whole or in part, it may, in its decision:

(i) Simultaneously reverse or modify the order from which review is sought;

(ii) Remand the matter to the designated authority for reconsideration in accordance with its instructions, and, if an evidentiary hearing has been held, the remand may be to the person( s) who conducted the hearing; or

(iii) Order such other proceedings, including briefs and oral argument, as may be necessary or appropriate.

(2) In the event the Commission orders further proceedings, it may stay the effect of the order from which review is sought. (See § 1.102.) Following the completion of such further proceedings the Commission may affirm, reverse or modify the order from which review is sought, or it may set aside the order and remand the matter to the designated authority for reconsideration in accordance with its instructions. If an evidentiary hearing has been held, the Commission may remand the matter to the person(s) who conducted the hearing for rehearing on such issues and in accordance with such instructions as may be appropriate.

\*\*\*

(j) No evidence other than newly discovered evidence, evidence which has become available only since the original taking of evidence, or evidence which the Commission believes should have been taken in the original proceeding shall be taken on any rehearing ordered pursuant to the provisions of this section.

(k) The filing of an application for review shall be a condition precedent to judicial review of any action taken pursuant to delegated authority.

## 47 C.F.R. § 1.117 REVIEW ON MOTION OF THE COMMISSION.

(a) Within 40 days after public notice is given of any action taken pursuant to delegated authority, the Commission may on its own motion order the record of the proceeding before it for review.

(b) If the Commission reviews the proceeding on its own motion, it may order such further procedure as may be useful to it in its review of the action taken pursuant to delegated authority.

(c) With or without such further procedure, the Commission may either affirm, reverse, modify, or set aside the action taken, or remand the proceeding to the designated authority for reconsideration in accordance with its instructions. If an evidentiary hearing has been held, the Commission may remand the proceeding to the person(s) who conducted the hearing for rehearing on such issues and in accordance with such instructions as may be appropriate. An order of the Commission which reverses or modifies the action taken pursuant to delegated authority, or remands the matter for further proceedings, is subject to the same provisions with respect to reconsideration as an original action of the Commission.

## CERTIFICATE OF SERVICE

I hereby certify that, on March 30, 2023, I electronically filed the foregoing addendum with the Clerk for the United States Court of Appeals for the District of Columbia Circuit using the appellate CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

March 30, 2023                              Respectfully submitted,

                                           _ /s/ Miguel A. Estrada_____
                                           Miguel A. Estrada
                                           GIBSON, DUNN & CRUTCHER LLP
                                           1050 Connecticut Avenue, N.W.
                                           Washington, D.C.  20036
                                           (202) 955-8500
                                           mestrada@gibsondunn.com